JONATHAN B. SUTIN, Judge (specially concurring). {30} I acknowledge Morningstar’s view of Section 62-9-1.1(A) and (C). Morningstar, 120 N.M. at 588, 904 P.2d at 37. I will not attempt to distinguish Morningstar based on its facts. Our Opinion here with its analyses, in which I concur, solidifies, with Morningstar, Section 62-9-1.1(C) as limiting to large municipalities the broad policy and intent of Section 62-3-2.1(C) and the operative effect of Section 62-9-1.1(A). I am nevertheless puzzled as to why the Legislature went to the trouble of enacting Sections 62-3-2.1(C) and 62-9-1.1(A). These two provisions unmistakably and elaborately express a purpose and set in motion an operative administrative process designed to protect public utilities from municipal encroachment into a public utility’s CCN area. Had the Legislature had in mind their applicability only to large municipalities, one would think that when enacting these two provisions, the Legislature would have approached the language in the provisions or the statutory framework much differently. What comes to mind is that the Legislature giveth and the Legislature talceth away, and we cannot question the wisdom of these enactments. I am, however, impressed that legislative silence after Morningstar would appear to indicate that the Legislature agrees with the statements in Morningstar and is satisfied that Section 62-9-1.1(C) was intended to limit the operative effect of Section 62-9-1.1(A) to large municipalities. JONATHAN B. SUTIN, Judge